UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID M. DOOLEY, SR., ET AL. | CIVIL ACTION NO. 16-0362 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MB INDUSTRIES, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioners David M. Dooley, Sr., individually and as Trustee for the BD 2008 Family Trust No. 1, Brenda Dooley, individually and as Trustee for the DMD 2008 Family Trust No. 1, David M. Dooley, Jr., and Chris Vallot's (collectively the "Dooley Parties") "Motion for Leave to Appeal" (Record Document 1) seeking to appeal four separate rulings of the Bankruptcy Court (Adversary Documents 182, 183, 185, and 192) "to the extent any of the rulings are considered interlocutory." These orders were filed in an adversary proceeding, David. M. Dooley, Sr., et al. v. MB Industries, LLC, et al., (Bankruptcy Case No. 15-1005) to the bankruptcy case, In re: MB Industries, LLC, (Bankruptcy Case No. 14-12416).[1] The Dooley Parties filed no supporting memorandum. Respondents Carmel Enterprises, LLC, Carmel Foods, LLC, Carmel Group, Inc., Hallwood Financial Limited, Hallwood Modular Buildings, LLC, X-Treme Doors, LLC, Frederick J. Gossen, Jr., Gert Lessing, and Anthony Gumbiner (collectively the "Respondents") filed their opposition brief on April 1, 2016, arguing there are no grounds

---

[1] For clarification purposes, "Adversary Document" refers to the record in the adversary proceeding, No. 15-1005. Additionally, "Bankruptcy Document" refers to the record in the bankruptcy proceeding, No. 14-12416.

1

that warrant leave to appeal the orders.[2] For the reasons contained in the instant ruling, the Dooley Parties' Motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The Dooley Parties initiated this adversary proceeding seeking rescission of a transaction which occurred on October 27, 2011, pursuant to which David Dooley, Sr. ("Mr. Dooley") sold and transferred interests in various companies, including the Debtor, MB Industries, LLC ("MBI"). See Adversary Document 1. The consideration promised to Mr. Dooley for the sale of the business interests included: (1) $250,000 cash; (2) a promissory note for $2,750,000; and (3) monthly payments to his wife, son, and son-in-law for an agreed period of time. See id. The cash due at closing in the amount of $250,000 was paid; however, the promissory note has not been paid, except for one interest payment made in February 2012 for approximately $88,000, and the payments to Mr. Dooley's family members were terminated in May 2013. See id.

In February 2013, Mr. Dooley filed suit in Louisiana state court to enforce his rights on the note and amended his petition in February 2014 to first seek rescission. See id. With Mr. Dooley's suit pending, MBI entered bankruptcy in October 2014, automatically staying the Dooley Parties' state court action. See Bankruptcy Document 1. The Dooley Parties then sought authorization from the MBI Bankruptcy Court to proceed with their state court action, but their request was denied by Judge Norman. See Bankruptcy Document 252. In response, the Dooley Parties filed their Complaint to Rescind and

---

[2] The order of Bankruptcy Court (Adversary Document 182) granted John A. Blank, Jr.'s ("Blank") "Motion to Dismiss Third Party and Extending Stay to Third Party." With respect to the Dooley Parties' Motion for Leave to Appeal, no opposition brief has been filed on behalf of Blank regarding this order.

Dissolve Contract, and for Damages to initiate this adversary proceeding in the Bankruptcy Court on March 10, 2015. See Adversary Document 1.

The suit for rescission is based upon non-performance and failure to pay the purchase price as contemplated by La. C.C. arts. 2013 and 2561. See id. In addition, the Dooley parties allege fraud and vices of consent. See id. Count Three of the Complaint alleges that Gert Lessing ("Lessing") and Anthony Gumbiner ("Gumbiner") were liable for mismanagement of MBI, and Count Four alleges intentional infliction of emotional distress for the alleged failure to pay pursuant to certain agreements. See id. Additionally, the Dooley Parties filed a Third Party Demand against Blank, MBI's chief financial officer, and Crossclaims against Frederick J. Gossen, Jr. ("Gossen") and Lessing, individuals who served as MBI managers during the period of time MBI is alleged to have acted fraudulently. See Adversary Document 115. The instant Motion pertains to four orders from the Bankruptcy Court in the adversary proceeding which are described below.

**1. Order Granting Rule 12(b)(6) Motion to Dismiss Third Party Demand and Extending Stay to Third Party ("Order #1")**

Third Party Defendant, Blank, filed a motion to dismiss under Rule 12(b)(6), arguing that a defendant in a fraudulent transfer action in bankruptcy has no claim for contribution or indemnity under bankruptcy law. The Dooley Parties opposed the motions, pointing out they were not asserting indemnity claims under bankruptcy law, but based their claims under Louisiana law of indemnity. Nevertheless, the Bankruptcy Court granted the motion to dismiss (Adversary Document 182) finding "there is no right to indemnification or contribution stemming from the recovery of an avoidable transfer in this case."

3

## 2. Order Granting Rule 12(b)(6) Motion to Dismiss Crossclaim ("Order #2")

The Bankruptcy Court dismissed crossclaims (Adversary Document 183) made by the Dooley Parties seeking indemnity and contribution from Defendants Lessing and Gossen due to "wrongdoing" and "fraudulent conduct." The Bankruptcy Court incorporated its previous ruling in Adversary Document 182 in dismissing the Dooley Parties' crossclaims.

## 3. Order Granting Rule 12(b)(6) Motion to Dismiss Counts Three and Four of Plaintiffs' original and amended Complaints ("Order #3")

Respondents Carmel Enterprises, LLC, Carmel Group, Inc., Hallwood Financial Limited, Hallwood Modular Buildings, LLC, Gossen, Lessing, and Gumbiner filed a 12(b)(6) motion to dismiss Counts Three and Four arguing the Complaint did not state any facts entitling the Dooley Parties to relief. The motion was granted after the Dooley Parties filed no opposition (Adversary Document 185).

## 4. Order Denying Motion to Strike Amended Pleading and Motion for Leave to Amend ("Order #4")

The Dooley Parties moved to strike (alternatively requesting leave to file an amended pleading) Hallwood Financial Limited and Hallwood Modular Buildings, LLC, and their principals, Gumbiner and Lessing, (collectively the "Hallwood Parties") amended Complaint in which they withdrew their jury trial demand. That motion was denied (Adversary Document 192).

The Dooley Parties filed the instant Motion requesting leave to appeal the four orders described above on March 16, 2016. See Record Document 1. The Dooley Parties contend Orders #1 and #2 are final judgments, for which an appeal exists as of right. See id. at 4 and 6. If the orders are not final judgments, the Dooley Parties argue the Court

should grant them leave because "there is a serious question of jurisdiction in this case." Id. at 9. Regarding Order #4, the Dooley Parties suggest the Bankruptcy Court's decision to allow withdrawal of the demand for a jury trial without compliance with Rule 38(d) was erroneous and requires an immediate appeal. See id. at 11.[3] Respondents suggest the four orders at issue are all interlocutory orders, and the Dooley Parties have failed to state any grounds or exceptional circumstances that warrant an immediate appeal. See Record Document 4 at 6.

## LAW AND ANALYSIS

### I. Legal Standards

#### A. Appeal of Bankruptcy Orders to District Court

The source of district court jurisdiction over bankruptcy appeals can be found in 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(a):

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under Section 1121(d) of title 11 increasing or reducing the time periods referred to in Section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

---

[3] The Dooley Parties do not address Order #3 in their "Reasons Why Leave of Court Should be Granted;" but simply "request that the dismissal of Count Four … be reversed." Id. at 9.

Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the standard a district court uses in determining whether to grant leave to appeal. Moreover, the Fifth Circuit has not provided a hard and fast rule for determining when an interlocutory appeal should be allowed. See Ichinose v. Homer National Bank, 946 F.2d 1169, 1176 (5th Cir. 1991); In re Hunt International Resources Corporation, 57 B.R. 371, 371 (N.D. Tex. 1985). The Fifth Circuit has, however, stated "[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." Stumpf v. McGee (In re O'Connor), 258 F.3d 392, 399-400 (5th Cir. 2001).

In Ichinose, the court stated:

Nonetheless, the vast majority of district courts faced with the problem [of having no articulable standard] have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders, [internal citations omitted]. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. In re Neshaminy Office Bldg. Assoc., 81 B.R. 301, 303 (E.D. Pa. 1987).

946 F.2d at 1177. The Ichinose court expressly declined to state whether consideration of the Section 1292(b) factors is proper in the context of a motion for leave to appeal brought pursuant to Section 158(a). See id.

Guided by the pronouncement in Ichinose, district courts in the Fifth Circuit have relied on the Section 1292(b) factors in considering whether to grant leave to appeal an interlocutory order of a bankruptcy court. See In re Hallwood Energy, L.P., 2013 WL 524418, *1 (N.D. Tex. 2013) ("The standard the district court applies in determining whether to exercise its discretion to grant leave is not articulated in the statute. Courts in the Fifth Circuit, however, have applied 28 U.S.C. § 1292(b), the standard governing

6

interlocutory appeals generally"); Powers v. Montgomery, 1998 WL 159944, *2 (N.D. Tex. 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from Bankruptcy Court orders"); In re Turner, 1996 WL 162110, *1 (E.D. La. 1996) ("Because § 158(a) contains no criteria to guide the exercise of my discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in 28 U.S.C. § 1292(b)").

"Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." Smith v. AET Inc., 2007 WL 1644060, *5 (S.D. Tex. 2007). Thus, in accordance with the legislative history of § 1292(b), "interlocutory appeals should be granted only in exceptional situations where allowing such an appeal would avoid protracted and expensive litigation." In re Turner, 1996 WL at *1, citing Clark–Dietz & Assoc. v. Basic Construction, 702 F.2d 67, 69 (5th Cir. 1983); Powers, 1998 WL at *2 ("Leave to appeal a bankruptcy court's interlocutory order should be granted only in circumstances which justify overriding the general policy of not allowing such appeals"); In re Global Marine, Inc., 108 B.R. 1007, 1009 (S.D. Tex. 1988) ("The other standard frequently employed is whether 'exceptional circumstances' warrant a grant of immediate appellate review").

**II.    Analysis**

   **A. Bankruptcy Court's Orders are Interlocutory Orders**

The Dooley Parties contend Order #1 is a final judgment because the "dismissal of Mr. Blank ends the Third Party Demand against him." Record Document 1 at 4.

7

Similarly, Petitioners argue Order #2, dismissing the crossclaims against Gossen and Lessing, "appears to be a final judgment with respect to those [c]rossclaims." Id. The Dooley Parties make no argument that Orders #3 and #4 are anything other than interlocutory orders. Respondents suggest the four orders at issue are all interlocutory orders. See Record Document 4 at 6.

A final judgment is "one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree." Matter of Kutner, 656 F.2d 1107, 1110 (5th Cir. 1981). On the other hand, an interlocutory order is one "which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." Id.

The Dooley Parties' suggestion, without any analysis, that Orders #1 and #2 are final judgments is incorrect. The fact that Order #1 dismissed Blank from the suit does not by itself constitute a final judgment. Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

For purposes of this matter, Bankruptcy Rule 7054 specifically incorporates Federal Rule 54(b). See Matter of Wood & Locker, Inc., 868 F.2d 139, 142 (5th Cir. 1989).

"If the bankruptcy court has not certified as final an order that is a partial judgment within the meaning of Rule 54(b), the order will, by operation of the rule, remain interlocutory." Id., citing In re King City Transit Mix, Inc., 738 F.2d 1065, 1066 (9th Cir. 1984). The Bankruptcy Court in the instant has not certified Order #1 as final and, therefore, the order is interlocutory. For the same reasons, Order #2 dismissing the crossclaims against Gossen and Lessing is considered interlocutory.

The Dooley Parties did not make an argument that Orders #3 (dismissing Counts Three and Four) and #4 (denying Motion to Strike Amended Pleading and Motion for Leave to Amend) are interlocutory, but nevertheless, the Court finds them interlocutory. In Gaines v. Crescent Guardian, Inc., 2006 WL 1489034, *1 (5th Cir. 2006), the plaintiff appealed an order dismissing counts two and three of her complaint. The Fifth Circuit noted that the order was not a final order or a final judgment, and noted there had been no permission granting an interlocutory appeal. See also In re Houston Regional Sports Network LP, 2016 WL 1055583, *11 (S.D. Tex. 2016) ("an order dismissing fewer than all of the claims presented in a complaint is interlocutory"). For these reasons, Order #3 is interlocutory.

Courts have consistently held orders regarding motions to strike are interlocutory. See Connecticut Nat. Bank v. Germain, 503 U.S. 249, 251, 112 S. Ct. 1146, 1148 (1992); Wells Fargo Bank, N.A. v. Jones, 391 B.R. 577, 587 (E.D. La. 2008). Further, the Bankruptcy Court's order denying Petitioners' Motion to Strike and Motion for Leave to Amend is considered a "ruling on pleadings." The Eighth Circuit, although not binding authority, has stated bluntly, "rulings on pleadings are clearly interlocutory and not appealable." United States v. 687.30 Acres of Land, More or Less, in Dakota & Thurston

9

Ctys., State of Neb., 451 F.2d 667, 669-70 (8th Cir. 1971) (the defendant appealed from several orders which included a ruling on a motion to strike an amended answer). This persuasive authority, strengthened by the routine classification of rulings on motions to strike as interlocutory, is sufficient to find Order #4 interlocutory.

Because the Court finds all four orders interlocutory, leave of court is required to appeal. See 28 U.S.C. § 158(a)(3). As stated above, the decision of whether to grant or deny leave is within the discretion of the district court (see In re O'Connor, 258 F.3d 392 at 399-400 (5th Cir. 2001)); and district courts in the Fifth Circuit have relied on the Section 1292(b) factors in considering whether to grant leave. See In re Hallwood Energy, L.P., 2013 WL 524418, *1 (N.D. Tex. 2013).

### B. Section 1292(b) Factors

Pending before the Court is a determination as to whether leave should be granted to file a substantive appeal; the substantive matters are not yet before the Court. With respect to the motion before the Court at this time, this Court notes that the burden falls on the Dooley Parties to demonstrate why the Court should grant such leave.[4] See In re Cent. Louisiana Grain Co-op., Inc., 489 B.R. 403, 410 (W.D. La. 2013). More specifically, the Dooley Parties must show: (1) a controlling issue of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. See Ichinose, 946 F.2d at 1177. Moreover, this Court finds the stronger argument to be, as did Judge

---

[4] The Dooley Parties make no argument as to why leave should be granted to appeal Order #3. Since the burden rests with the Dooley Parties, they have failed to demonstrate why leave should be granted. Thus, the Dooley Parties' Motion with respect to Order #3 is denied. The Court will not address Order #3 any further.

Kinkeade in Panda Energy Int'l, Inc. v. Factory Mut. Ins., 2011 WL 610016, *4 (N.D. Tex. 2011), "[e]very ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed and balanced." quoted by In re Cent. Louisiana Grain Co-op., Inc., 489 B.R. at 411. After a careful consideration of the Dooley Parties' arguments, the Court concludes the Dooley Parties have not carried their burden.

### i. Controlling Issue of Law

Regarding Orders #1 and #2, the Dooley Parties contend the controlling issue of law by which to grant leave to appeal is whether the Bankruptcy Court has jurisdiction over the third party demand and cross claims they filed. See Record Document 1 at 9. As for Order #4, the Dooley Parties argue the controlling issue of law is whether, pursuant to Fed. R. Civ. P. 38(d), the Bankruptcy Court had authority to allow the Hallwood Parties to withdraw their demand for a jury trial without consent of all parties. See id. The Respondents do not contest this issue.

Determining "[w]hether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." In re Cent. Louisiana Grain Co-op., Inc., 489 B.R. at 411, quoting Ryan v. Flowserve Corp., 444 F.Supp.2d 718, 723 (N.D. Tex. 2006). Courts have found issues of law controlling "if reversal of the district court's opinion would result in dismissal of the action." Id., quoting Strougo v. Scudder, Stevens & Clark, Inc., 1997 WL 473566, *7 (S.D. N.Y. 1997). However, "an issue is not seen as controlling if its resolution on appeal 'would have little or no effect on subsequent proceedings.'" Id., quoting Flowserve Corp., 444 F.Supp.2d at 723. Other courts have found "the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate

11

termination of the litigation." Id. Thus, it can be said, "the movant must demonstrate that the order being appealed concerns a 'controlling question of law' in which reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of litigation." Id., quoting Picard v. Estate of Madoff, 464 B.R. 578, 582 (S.D. N.Y. 2011).

The Court believes the issue of whether the Bankruptcy Court has jurisdiction over the claims is a controlling issue of law. If the Bankruptcy Court was found to be without jurisdiction it would definitely "materially affect the outcome of litigation." Regarding Order #4, the Court also believes the issue of whether the Bankruptcy Court had authority to allow the Hallwood Parties to withdraw their demand for a jury trial without consent of all parties is a controlling issue of law. See Panda Energy Int'l, Inc., 2011 WL at *4. As previously stated, the parties do not dispute whether there exists controlling issues of law. Where the parties diverge are the second and third requirements.

### ii. Substantial Ground for Difference of Opinion

In reference to Orders #1 and #2, the Dooley Parties believe there is substantial ground for difference of opinion arguing a "grant of consent for final decisions to the Bankruptcy Court must be knowing and voluntary" and "[t]he Bankruptcy Court's ruling which found jurisdiction existed because there had been an implied grant of consent … is erroneous." Record Document 1 at 10. Regarding Order #4, the Dooley Parties assert there is substantial ground for difference of opinion because the ruling was not in compliance with Fed. R. Civ. P. 38(d) and the "Bankruptcy Court enunciated no reasons for allowing the withdrawal." Id. at 10-11. The Respondents believe there is not a question where a substantial ground for difference of opinion exists and state the Dooley Parties have "simply re-urged failed arguments." See Record Document 4 at 6-7.

12

Courts have found there is "substantial ground for difference of opinion," if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." In re Cent. Louisiana Grain Co-op., Inc., 489 B.R. at 412, quoting In re Hallwood Energy, L.P., BR 2013 WL 524418, *3 (N.D. Tex. 2013). "But simply because a court is the first to rule on a question or counsel disagrees on the applicable precedent does not qualify the issue as one over which there is substantial disagreement." Id., quoting Flowserve Corp., 444 F.Supp.2d at 724. Further, a substantial ground for difference of opinion does not exist "because a party simply claims the bankruptcy court ruled incorrectly." Id. A substantial ground for difference of opinion refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party. See Babcock v. Wilcox, 2004 WL 626288, *2 (E.D. La. 2004).

Reviewing the Dooley Parties' brief argument regarding this requirement for Orders #1 and #2, the Court believes they merely attempt to argue the Bankruptcy Court ruled incorrectly.[5] On this basis, there is no "substantial ground for difference of opinion" under the applicable law. Likewise, the Dooley Parties' only argue the ruling in Order #4

---

[5] The Dooley Parties argue the "Supreme Court in Wellness International Network Limited v. Sharif, 135 S.Ct. 1932 (2015), declared that a grant of consent for final decisions to the Bankruptcy Court must be knowing and voluntary." Record Document 1 at 11. In Order #1 (and Order #2 which adopted the reasoning of Order #1) the Bankruptcy Court analyzed Wellness International (holding that consent to bankruptcy court adjudication need not be express and instead can be implied by a litigant's actions provided that such consent is knowing and voluntary), and found the Dooley Parties impliedly consented to jurisdiction. See Adversary Document 182. The only argument the Dooley Parties make in their Motion for Leave is "the Bankruptcy Court is erroneous as a matter of law." Record Document 1 at 10. Thus, the Court believes the only argument made by the Dooley Parties is that the Bankruptcy Court ruled incorrectly, which does not constitute a substantial ground of difference of opinion. See In re Cent. Louisiana Grain Co-op., Inc., 489 B.R. at 412, quoting Flowserve Corp., 444 F.Supp.2d at 724.

13

was erroneous.[6] See Record Document 1 at 11. Thus, the Dooley Parties' arguments do not satisfy the "substantial ground for difference of opinion" prong and the Dooley Parties fail to meet the standard required under Section 1292(b) for leave to appeal. Nevertheless, the Court will address the third prong.

### iii. Immediate Appeal would Materially Advance the Ultimate Termination of the Litigation

The Dooley Parties do not specifically address whether an immediate appeal would materially advance the ultimate termination of the litigation, but they do state denying leave "would allow this litigation to continue while serious legal questions remain pending, which questions would likely result in a more protracted litigation." Record Document 1 at 11. It should be noted that the Dooley Parties have filed a Motion to Withdraw Reference which is pending in the District Court (Case. No. 16-110, Record Document 1). There, the Dooley Parties' arguments are that they have not consented to the Bankruptcy Court's final adjudication over non-core Stern claims and that the parties have a right to a jury trial on at least some of the claims, which duplicate the arguments in the instant Motion. The Court finds the more just and efficient course would be for the case to remain in the Bankruptcy Court, pending the Court's ruling on the Dooley Parties' Motion to Withdraw Reference. Therefore, the Dooley Parties do not satisfy the third prong under Section 1292(b).

---

[6] In their Motion, the Dooley Parties state the "Bankruptcy Court enunciated no reasons for allowing the withdrawal of the request for jury trial without compliance with Rule 38(d)." However, in Order #4, the Bankruptcy Court found the issue moot, referring to Order #1 (Adversary Document 182) in which it ruled any jurisdictional issues were waived. See Adversary Document 192.

**CONCLUSION**

For the reasons stated herein, the Dooley Parties' "Motion for Leave to Appeal" (Record Document 1) seeking to appeal four separate rulings of the Bankruptcy Court (Adversary Documents 182, 183, 185, and 192) in the adversary proceeding filed within In re: MB Industries, LLC, (Bankruptcy Case No. 14-12416), is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 22nd day of January, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT